Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000759
21-JUN-2017
08:23 AM

NO. CAAP-15-0000759

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
GJ WILLIANDER, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 14-1-1212)


SUMMARY DISPOSITION ORDER
(By: Fujise and Ginoza, JJ.,
with Nakamura, C.J. dissenting)

Defendant-Appellant GJ Williander (Williander) appeals from a September 22, 2015 Judgment of Conviction and Probation Sentence entered by the Circuit Court of the First Circuit (Circuit Court).[1] After a jury trial, the Circuit Court convicted Williander of Robbery in the Second Degree, a violation of Hawaii Revised Statutes (HRS) § 708-841(1)(a) (2014).[2] Williander was sentenced to a four-year term of probation with, *inter alia,* the special condition that he serve a thirty-day term of imprisonment on ten (10) consecutive weekends.

---

[1]    The Honorable Rom A. Trader presided.

[2]    HRS § 708-841 provides, in pertinent part,

**Robbery in the second degree.** (1) A person commits the offense of robbery in the second degree if, in the course of committing theft or non-consensual taking of a motor vehicle:

    (a)    The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance[.]

. . . .

    (2)    Robbery in the second degree is a class B felony.

On appeal, Williander maintains the Circuit Court erred in denying his Motion to Continue Trial, Motions for Mistrial, and Motions for a New Trial all premised on the basis of Honolulu Police Department Officer Darren Sunada's (Officer Sunada) unavailability to testify in violation of Williander's constitutional right to compulsory process, to present a complete defense, and to a fair trial and due process.

After reviewing the issues raised and the arguments made by the parties, the record on appeal, and the relevant legal authority, we resolve Williander's appeal as follows and affirm.

In reviewing whether the moving party was entitled to a continuance based on the unavailability of a witness, the following factors must be shown by the moving party: (1) due diligence has been exercised to obtain the attendance of the witness; (2) substantial favorable evidence would be tendered by the witness; (3) the witness is available and willing to testify; and (4) the denial of the continuance would materially prejudice the defendant. State v. Lee, 9 Haw. App. 600, 604, 856 P.2d 1279, 1282 (1993) (citation omitted; cited favorably in State v. Villiarimo, 132 Hawaiʻi 209, 218, 320 P.3d 874, 883 (2014)).

Here, the Circuit Court found, and the State does not dispute, that as to factors (1) and (3), Williander exercised due diligence to obtain the attendance of the witness and that Officer Sunada was unavailable for the July 13, 2015 trial; the State represented that Officer Sunada was likely to return to light duty and be available to testify sometime in September.

As to whether the witness would be able to tender "substantial favorable evidence," the following excerpt from Officer Sunada's police report was considered by the Circuit Court, presumably as an offer of proof:

> Upon arriving at Kalauokalani [W]ay and Kapiolani Blvd at about 2228 hours, I observed a shirtless local male wearing camouflaged designed shorts to be rounding the N/W corner of the above intersection and making his way north bound on Kalauokalani [W]ay. I observed the male, later identified as GJ WILLIANDER, to have curly black hair and to be about 5-9" [sic] tall. Upon making the above observations, I immediately stopped and exited my blue and white police car and identified myself to WILLIANDER as a police officer and informed him that he was being detained as a suspect in a robbery case. I then instructed WILLIANDER to place his hands behind his back. WILLIANDER complied by

2

> placing his hands behind his back while dropping to his knees and flopping to the ground on his stomach under his own power. While on the ground, WILLIANDER was handcuffed with his hands behind his back without incident and was repositioned into the seated position.
>
> SUSPECT DEMEANOR:
> While with WILLIANDER, I was able to smell a strong odor resembling an alcoholic type beverage to be coming from his person. WILLIANDER was slurring his words and rambling unintelligible verbiage. WILLIANDER was also unsteady on his feet while walking.

Williander argues that Officer Sunada's testimony would have negated evidence that Williander acted with an intentional state of mind and also "provides context, [and] an explanation and impeachment evidence regarding Matsui,[3] Aihara and Ragudo's testimony." We disagree.

As represented in his police report, Officer Sunada's testimony would not contradict Aihara or Ragudo's testimony. Neither Aihara nor Ragudo testified regarding Williander's intoxicated state, or lack thereof. Thus Williander's testimony regarding his own intoxication was uncontradicted.

Aihara could not understand anything that Williander said to him. Ragudo did not testify that Williander did not slur his words, only that when Williander shouted, Ragudo could hear what Williander said. Indeed, Ragudo testified that Williander's speech was at first "garbled." Conversely, Officer Sunada was not present during the offense and could not directly contradict Aihara and Ragudo's version of those events. Moreover, there is no indication Officer Sunada heard Williander's speech when shouting. Thus, Officer Sunada's testimony could not have impeached Aihara or Ragudo's testimony.

To the extent that Williander sought Officer Sunada's testimony to corroborate Williander's testimony that he was intoxicated at the time of the offense, Williander's testimony was uncontradicted on that point. In any event, evidence of his

---

3    Williander represented before the Circuit Court that "Officer Sunada is not impeaching [Matsui] at all for us." On appeal, Williander argues that coupled with Officer Sunada's testimony, Matsui's testimony would be "substantially favorable" because it would be "consistent with Williander acting recklessly as opposed to intentionally." We address evidence of intoxication relative to proof of state of mind *infra*.

self-induced intoxication was not admissible to negative his state of mind. HRS § 702-230(2) (2014).

Thus, we conclude that Officer Sunada's testimony was not "substantial favorable evidence" for Williander.

We conclude that Williander has failed to show the fourth factor--whether the denial of the continuance would cause material prejudice to him--weighs in his favor. Williander's contention that "Officer Sunada's testimony was critical because he was the only witness who had personal knowledge of the state and extent of [his] intoxication" and Officer Sunada's "testimony would have provided Williander with his _only_ legal defense, specifically that he did not act intentionally with respect to his actions and conduct" is without merit. As we have stated, HRS § 702-230(2) prevents the use of self-induced intoxication to negate the requisite state of mind. Therefore, the denial of the continuance did not materially prejudice Williander.

We conclude the Circuit Court did not abuse its discretion in denying Williander a fifth continuance of trial. State v. Altergott, 57 Haw. 492, 508, 559 P.2d 728, 739 (1977).

In light of our conclusions that the testimony was not admissible to disprove the requisite intent and at best was sought for the purposes of impeachment we reject Williander's arguments that the Circuit Court abused its discretion when it denied his motions for a mistrial or new trial. State v. Lagat, 97 Hawai'i 492, 495, 40 P.3d 894, 897 (2002); State v. Yamada, 108 Hawai'i 474, 478, 122 P.3d 254, 258 (2005).

Based on the foregoing, the September 22, 2015 Judgment of Conviction and Probation Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 21, 2017.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Associate Judge

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

4

DISSENTING OPINION BY NAKAMURA, C.J.

I respectfully dissent. In my view, Defendant-Appellant GJ Williander (Williander) provided valid grounds for a continuance to enable him to present the testimony of Officer Sunada. I therefore believe that the Circuit Court abused its discretion in denying Williander's request for a continuance.

The only testimony offered by the State to show that Williander was guilty of robbery, as opposed to assault, was the testimony of Ragudo. Ragudo testified that from across a six-lane boulevard, he heard Williander yell, "Give me your wallet. Give me your fucking wallet," and then saw Williander punch a man (Aihara) that Williander was holding down. Aihara, the alleged victim, testified that he heard a voice, but he "was kind of in shock" and could not "make out what was said." Aihara had no recollection of anyone demanding his wallet before he was assaulted; he never felt anyone reach into his pocket to try and take his wallet; he had no recollection of anyone touching his pants anywhere; and he still had his wallet after the assault.

Williander testified that he consumed prodigious amounts of alcohol on the night in question and had no recollection of the charged incident. Officer Sunada's police report stated that when Williander was arrested (a short time after the incident), Williander smelled of alcohol and "was slurring his words and rambling unintelligible verbiage." It appears that Officer Sunada's observations, as reflected in his police report, provided the best and perhaps the only means for Williander to meaningfully challenge and cast doubt on Ragudo's testimony that he heard Williander make a demand for Aihara's wallet.

Under the circumstances presented, I believe that Williander satisfied factors (2) and (4) of the State v. Lee test for obtaining a continuance based on the unavailability of a witness by showing: (factor 2) "that substantial favorable evidence would be tendered by the witness"; and (factor 4) "that the denial of the continuance would materially prejudice the defendant." State v. Lee, 9 Haw. App. 600, 604, 856 P.2d 1279,

1282 (1993) (block quote format and citation omitted). I also agree with the majority that Williander satisfied factors (1) and (3) of the Lee test. Accordingly, I conclude that the Circuit Court abused its discretion in denying Williander's request for a continuance.

*Craig H. Nakamura*